# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-60743
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

NORVIN XAVIER LOPEZ-LEZAMA, also known as Norvin Lopez-Lezam, also known as Norvin Javier Lopez Lezama,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 209 748

———————

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Norvin Xavier Lopez-Lezama, a native and citizen of Nicaragua, seeks review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his proceedings for withholding of removal and/or for protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60743

Lopez-Lezama argues that he presented new evidence showing that the BIA erred in affirming the IJ's adverse credibility determination that was the basis for denying him relief.  Lopez-Lezama did not file a timely petition for judicial review of the BIA's decision affirming the IJ's adverse credibility determination; thus, this court lacks jurisdiction to review that determination. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).  Insofar as Lopez-Lezama is challenging the affirmance of the IJ's adverse credibility determination, the petition is dismissed for lack of jurisdiction.  *Id.*

The court has jurisdiction to review the BIA's denial of the motion to reopen and remand because it was timely filed.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Lopez-Lezama relies on reports from his mother's doctor concerning the decline in her health since the alleged attack on Lopez-Lezama at his mother's home in June of 2015.  He contends that these circumstances justified her failure to report the incident in the letter presented to the IJ at the time of the merits hearing.

"A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez v. Lynch,* 831 F.3d 337, 339 (5th Cir. 2016) (internal quotation and citation omitted).  The BIA's determination that Lopez-Lezama failed to show that this evidence was new or material evidence that would have an impact on the outcome of the case is supported by the record.  The evidence of Lopez-Lezama's mother's health condition was available at the time of the hearing before the IJ, and further this evidence did not rebut the evidence of the numerous and material inconsistencies between Lopez-Lezama's statements and his testimony. Further, Lopez-Lezama fails to address the BIA's alternative determination

No. 16-60743

that he failed to make a prima facie showing of eligibility for relief.  *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.